# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAJUL RUHBAYAN,

    Petitioner,

v.

RICARDO MARTINEZ,

    Respondent.

NO. 3:09-CV-01638

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Petitioner Rajul Ruhbayan filed a Petition for Writ of Habeas Corpus (Doc. 1) on August 25, 2009, naming as Respondent Ricardo Martinez, Chief Warden of the United States Penitentiary-Allenwood (USP Allenwood). Petitioner alleges that because he completed his original sentence before being re-sentenced on remand, the subsequent proceedings were moot and that he is being held unlawfully. With his Petition, Petitioner filed a motion to proceed *in forma pauperis*. (Doc. 3.)

The decision whether to grant or deny *in forma pauperis* (IFP) status rests within the sound discretion of the district court. *See Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985) (applying abuse of discretion standard to appeal). 28 U.S.C. § 1915 provides a two-step process for reviewing IFP petitions. The Third Circuit Court of Appeals has made it clear that this Court should first consider a litigant's financial status and determine whether he is eligible to proceed IFP, then assess the complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from suit. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990) (court assesses complaint for frivolousness under § 1915(d)); Prison Litigation Reform Act,

Pub. L. No. 104-134, § 804(a), (c)-(e), 110 Stat. 1321, 1321-74 (1996) (replacing 1915(d) with 1915(e), adding bases of review).

Petitioner has completed the IFP application, and has properly provided certification of his prisoner account balance. (Doc. 3.) According to his application, he is employed at USP Allenwood and receives about five dollars ($5) to ten dollars ($10) per month in compensation. Assuming this to be an accurate depiction of Mr. Ruhbayan's complete financial situation, he has made an adequate showing of poverty. *See Souder v. McGuire*, 516 F.2d 820, 824 (3d Cir. 1975) (prisoners need not "totally deprive themselves of those small amenities of life which they are permitted to acquire in a prison" in order to litigate a case).

However, Petitioner's motion fails the second step of IFP review. He fails to state a claim on which relief may be granted because he does not state cognizable habeas claim. Habeas corpus petitions brought under section 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to section 2241 petitions under Rule 1(b)). *See e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970). A district court "has a duty to screen out a

habeas corpus petition which should be dismissed for lack of merit on its face." *Allen*, 424 F.2d at 141.

Petitioner argues that by completing his sentence, the subsequent proceedings were moot and that his current confinement is unlawful. Each of the Petitioner's arguments rely upon the assertion that he completed his original sentence before the first remand for re-sentencing. Petitioner argues that his sentence was completed after thirty-seven (37) months, but there is no basis for this calculation in the record. *United States v. Ruhbayan*, 406 F.3d 292, 298 (2005) (discussing the trial court's calculation of three hundred twenty-four (324) to four hundred and five (405) months). Petitioner's sentence for witness tampering, originally and after each remand, was a sentence of life imprisonment. *United States v. Ruhbayan*, 406 F.3d 292, 298 (2005) (remand from original sentencing); *United States v. Ruhbayan*, 427 F. Supp. 2d 640, 657 (2006) (first re-sentencing); *United States v. Ruhbayan*, 601 F. Supp. 2d 746, 748 (2009) (second re-sentencing). Petitioner even acknowledges that he is serving a life sentence in his habeas corpus petition. (Doc. 1 at 2.) Petitioner's argument is without merit because it is impossible that he could have completed his life sentence prior to the re-sentencing. Accordingly, the petition for writ of habeas corpus pursuant to Title 28, United States Code, section 2241 will be dismissed without prejudice.

**NOW**, this  2nd  day of September, 2009, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 3) is **DENIED**.

(2) The case is **DISMISSED** without prejudice.

(3) The Clerk of the Court shall mark this matter **CLOSED**.

                                                    /s/ A. Richard Caputo
                                                    A. Richard Caputo
                                                    United States District Judge